IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry P. Gable,                                      Case No. 3:04CV7757

           Plaintiff

      v.                                                   ORDER

FirstEnergy Corp.,

           Defendant.

This is a *pro se* age discrimination suit filed by Larry P. Gable against his employer, FirstEnergy Corp. Defendant allegedly placed younger maintenance staff members in a new department, gave them higher wages, more seniority, and other benefits for doing the same job as the plaintiff. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

Pending is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, defendant's motion shall be granted.

**Background**

1

Plaintiff performed maintenance for FirstEnergy. In December 1997 defendant created a "traveling maintenance" department. FirstEnergy transferred members of its maintenance staff team into this new department. Plaintiff was not selected for transfer. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), which declined to file suit on his behalf. The EEOC sent a "Right to Sue" letter to plaintiff on September 9, 2004. This letter informed plaintiff that suit must be filed within ninety days after receiving the notice. Plaintiff filed this action on December 9, 2004.

**Standard**

A motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), challenges the sufficiency of the pleadings. "[T]he court must consider as true the well-pleaded allegations of the complaint and construe them in the light most favorable to the plaintiff." *Varljen v. Cleveland Gear Co.*, 250 F.3d 426, 429 (6th Cir. 2001). No complaint shall be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 679 (6th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957)).

Although a *pro se* complaint must be held to a less stringent standard than one prepared by an attorney, *see Haines v. Kerner*, 404 U.S. 519 (1972), courts have not been willing to abrogate basic pleading essentials in *pro se* suits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "[M]ore than bare assertions of legal conclusions [are] ordinarily required to satisfy federal notice pleading requirements." *Id*. A complaint must allege either directly or inferentially all the material elements of a claim to overcome a motion to dismiss. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Thus, the less stringent standard for *pro se* plaintiffs does not require a court to conjure up facts not plead to support conclusory allegations. *Id*.

**Discussion**

Plaintiff's complaint alleges a violation of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 621. As plead, plaintiff's allegations fail to state a claim for which relief can be granted.

Plaintiff's claim is governed by the ADEA and EEOC procedure. 42 U.S.C. § 200e-5(f)(1) (1994). When the EEOC elects not to prosecute an individual's discrimination charge, it must notify the individual of their right to file a private action. *Gwendolyn v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th. Cir.2000). An individual must file suit within ninety days after receiving a Right to Sue letter from the EEOC. *Id.* The ninety-day period begins to run on the fifth day after notice is sent. *Id*.

Defendant argues that plaintiff did not meet the ninety-day limitation period.  While the body of the complaint fails to mention a charge with the EEOC or the date the Right to Sue letter was received,  plaintiff attached a letter from the EEOC to his complaint.  The letter, dated September 9, 2004,  refers both to a charge plaintiff filed against FirstEnergy and the enclosure of a "Notice of Right to Sue."

This letter provides sufficient evidence of plaintiff's compliance with the ninety-day requirement. The Right to Sue notice was sent with a letter dated September 9, 2004.  The  ninety-day period began to run on September 14, 2004, the fifth day after the mailing. Accordingly, plaintiff's complaint, filed on December 9, 2004, is within the resulting December 12, 2004 deadline.          To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show he: 1) is a member of a protected group; 2) was subject to an adverse employment decision; 3) was qualified for the position; and 4) was replaced by a significantly younger person. *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 352-53 (6th Cir. 1997).

The ADEA protects employees who are forty years of age or older, and it only protects them from replacement by, or favorable treatment given to, significantly younger employees.  29 U.S.C § 631(a);

3

*O'Connor v. Consolidated Coin Caterers Co.*, 517 U.S. 308, 312 (1996). The Sixth Circuit defines "significantly younger" as an age difference of six or more years. *Grosjean v. FirstEnergy Corp.*, 349 F.3d 332, 340 (6th 2003).

Plaintiff's claim fails to allege two of the crucial elements of a prima facie case for age discrimination under the ADEA, namely that: 1) he is within the protected class of workers, i.e. that he is forty years of age or older; and 2) the staff members placed in the new department were more than six years younger than he. Therefore, plaintiff's complaint is insufficient to state a claim for age discrimination, and defendant's motion to dismiss will be granted.

## Conclusion

In light of the foregoing it is hereby

ORDERED THAT defendant's motion to dismiss plaintiff's complaint be, and the same hereby is granted.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge